IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Sloan Medved,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Dream Works Animation SKG Inc.,<br><br>　　　　　Defendant. | No. CV-15-1362-PHX-DKD<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:

　　　Plaintiff has filed a complaint as well as an application to proceed without the prepayment of filing fees and costs based upon an assertion of indigency and a motion to allow electronic filing. The Court must undertake a review pursuant to 28 U.S.C. § 1915(e)(2) to determine whether or not this case is properly in federal court. The review leads to the conclusion that the claims asserted in the complaint are not plausible and cannot be maintained under any theory of law. This matter is addressed by this Report and Recommendation to the Presiding Judge of the Phoenix Division because although this case was assigned to the undersigned judge pursuant to the Local Rules of this Court, the undersigned, as a Magistrate Judge, does not have the judicial authority to enter a dispositive order absent the consent of the parties.

　　　The gravamen of Plaintiff's complaint can best be expressed in the Complaint's own words set forth at paragraphs 28 and 29:

28. The character Puss In Boots was seemingly created to specifically humiliate an entire dying race of people with red hair while slightly referencing to the plaintiff through the relationships of animals to humans and the common insecurity of American people with brown hair who can relate to problematic alien nationalities much closer than people with red hair can. As people with red hair were among the first presidents of the United States and as such Germanic presence people with red hair have, the character Puss In Boots was created to cause the plaintiff to be deprived for the sake of Hispanics by such indirect references to the plaintiff as people with red hair are just like Hispanic pussies and not like a Bear as plaintiff's last name means which would only be fitting if he had brown hair. That character was created for the sake of brown heads everywhere and to put such people of nationalities with brown hair in Russia on a pedestal and degrade people with red hair in the United States as such, whose presidents name closely resembles the term "poontang" which also is a reference to the female genetalia and make money off of the racism of the vast majority of the population which and that prejudice that people with brown hair commonly have against people with red hair which caused the curiosity in an audience that were left with such satisfaction to that racial hate against people with red hair that a curiosity lingered on to what the people with brown hair at Dreamworks had had done with people with red hair by having created such an entertaining character, as most audiences associate such studios by consisting of people who have brown hair as it consists of the majority of the general population.

29. That curiosity that Dreamworks left their very large audiences with resulted in extremely intense hate crimes and community standing damage against plaintiff and directed all of that energy against people with red hair which closely referenced that it was meant to deprive plaintiff, the energy that the character originally started with that Dreamworks had created through the traits of the character, and very directly violated plaintiff with the character Puss In Boots on an epic scale upon through the film *Justin and the Knights of Valour*.

Upon this factual background, Plaintiff asserts claims for 1) conspiracy to violate plaintiff's civil rights, 2) intentional infliction of emotional distress, 3) negligent infliction of emotional distress, 4) appropriation of name and likeness to violator's benefit, 5) fraud, and 6) publicity given to private life. None of these causes of action are plausibly viable in light of the factual assertions set forth in the Complaint and none set forth a cause of action for which relief can be granted. The Complaint repeatedly asserts

1 that "Defendants" have harmed Plaintiff but there is no plausible allegation in the
2 Complaint which suggests that the one Defendant in this case, DreamWorks Animation
3 SKG, Inc., did anything to harm Plaintiff other than the allegation that "DreamWorks
4 Animation, SKG , is an who is responsible in part for the creation of the character Puss In
5 Boots from the popular *Shrek* series which was seemingly created for the purpose of
6 causing racial injustices to people with red hair by which was targeted at plaintiff through
7 the film *Justin and the Knights of Valour* which was produced by a studio owned in part
8 by the actor who plays the character Puss In Boots." (Complaint at ¶ 7)  Even construing
9 this allegation in the light most favorable to Plaintiff the Court cannot fathom how this
10 allegation states a claim for which relief can be granted.  Nor can the Court conceive how
11 any amendment could render the actual assertion into plausible claims.  *Ashcroft v. Iqbal*,
12 556 U.S. 662, 679 (2009).  In light of the recommendation regarding the lack of viability
13 of Plaintiff's Complaint, the Court also recommends that the application to proceed
14 without the prepayment of filing fees and the motion to allow electronic filing be denied
15 as well.

16 **IT IS THEREFORE RECOMMENDED** that Justin Sloan Medved's Complaint
17 be dismissed with prejudice.

18 This recommendation is not an order that is immediately appealable to the Ninth
19 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules
20 of Appellate Procedure, should not be filed until entry of the district court's judgment.
21 The parties shall have fourteen days from the date of service of a copy of this
22 recommendation within which to file specific written objections with the Court.  *See*, 28
23 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter,
24 the parties have fourteen days within which to file a response to the objections.  Failure
25 timely to file objections to the Magistrate Judge's Report and Recommendation may
26 result in the acceptance of the Report and Recommendation by the district court without
27 further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).
28 Failure timely to file objections to any factual determinations of the Magistrate Judge will

be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 29th day of July, 2015.

_____
David K. Duncan
United States Magistrate Judge

cc:     SRB

- 4 -